

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

SEP 2 0 2007

MICHAEL N. MILBY, CLERK OF COURT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | CASE NO. **H  07  400** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **3.  JOSE TRINIDAD VILLARREAL** | § | |
| (aka Loco) | § | |
| | § | |
| **5.  REINOL REYNA** | § | |
| (aka Chaparro) | § | |
| | § | |
| | § | |

> **Sealed**
> Public and unofficial staff access
> to this instrument are
> prohibited by court order.

**UNSEALED
PER ARREST**

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Conspiracy to Possess with the Intent to Distribute (Cocaine and Marijuana)

Beginning in or about December, 2004 and continuing up to and including the date of the return of the indictment, in the Southern District of Texas, and elsewhere,

**JOSE TRINIDAD VILLARREAL** (aka Loco)

**REINOL REYNA** (aka Chaparro),

defendants herein, did  unlawfully, knowingly, and intentionally, combine, conspire, confederate, and agree with each other and others, known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance.  This violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance and one thousand (1000) kilograms or more of a mixture and substance containing a detectable

amount of marijuana, a Schedule I controlled substance.

**In violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) and (vii).**

## COUNT TWO

Aid/Abet Possession with the Intent to Distribute (Marijuana)

On or about March 12, 2005, in Southern District of Texas, and elsewhere,

**JOSE TRINIDAD VILLARREAL** (aka Loco) and
**REINOL REYNA** (aka Chaparro),

defendants herein, aiding, assisting, and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled substance. This violation involved one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii) and 18 U.S.C. § 2.**

## COUNT THREE

Aid/Abet Possession with the Intent to Distribute (Marijuana)

On or about May 26, 2005, in Southern District of Texas, and elsewhere,

**JOSE TRINIDAD VILLARREAL** (aka Loco),

defendants herein, aiding, assisting, and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled substance. This violation involved one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii) and 18 U.S.C. § 2.**

## COUNT FOUR

### Aid/Abet Possession with the Intent to Distribute (Marijuana)

On or about July 15, 2005, in Southern District of Texas, and elsewhere,

defendants herein, aiding, assisting, and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2**.

## COUNT FIVE

### Aid/Abet Possession with the Intent to Distribute (Marijuana)

On or about July 22, 2005, in Southern District of Texas, and elsewhere,

defendants herein, aiding, assisting, and abetting each other and others, known and unknown to the Grand Jury, did unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled substance. This violation involved one hundred (100) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2**.

-3-

## COUNT SIX

### Aid/Abet Possession with the Intent to Distribute (Cocaine)

On or about November 22, 2005, in the Southern District of Texas, and elsewhere,

defendant herein, aiding, assisting, and abetting others, known and unknown to the Grand Jury, did

unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled substance.

This violation involved five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2.**

## COUNT SEVEN

### Aid/Abet Possession with the Intent to Distribute (Marijuana)

On or about December 6, 2005, in Southern District of Texas, and elsewhere,

**JOSE TRINIDAD VILLARREAL** (aka Loco) and
**REINOL REYNA** (aka Chaparro),

defendants herein, aiding, assisting, and abetting each other and others, known and unknown to the

Grand Jury, did unlawfully, knowingly, and intentionally  possess with the intent to distribute a

controlled substance. This violation involved one hundred (100) kilograms or more of a mixture and

substance containing a detectable amount of marijuana, a Schedule I controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2.**

-4-

## COUNT EIGHT

### Aid/Abet Possession with the Intent to Distribute (Cocaine)

On or about March 9, 2006, in the Southern District of Texas and elsewhere,

defendant herein, aiding, assisting, and abetting others, known and unknown to the Grand Jury, did

unlawfully, knowingly, and intentionally possess with the intent to distribute a controlled substance.

This violation involved five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) and 18 U.S.C. § 2.**

## COUNT NINE

### Conspiracy to Commit Money Laundering (Promotion)

Beginning in or about December, 2004, and continuing up to and including the date of the

return of the indictment, in the Southern District of Texas, and elsewhere,

**JOSE TRINIDAD VILLARREAL** (aka Loco),

**REINOL REYNA** (aka Chaparro),

defendants herein, did knowingly and intentionally agree, combine, conspire and confederate with

each other, and others known and unknown to the Grand Jury, to commit the following offense

against the United States:

To knowingly conduct and attempt to conduct a financial transaction affecting interstate and

foreign commerce and which involved the proceeds of specified unlawful activity, namely, the sale

and distribution of controlled substances, with the intent to promote the carrying on of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

**In violation of 18 U.S.C. § 1956 (a)(1)(A)(i).**

## Manner and Means

1.     It was a part of the conspiracy that one or more of the conspirators would request or direct one or more other members of the conspiracy to travel to locations to collect or acquire possession of United States Currency (USC), which represented narcotics proceeds, from individuals to whom narcotics shipments had previously been delivered on consignment.

2.     It was further a part of the conspiracy that following the collection or acquisition of this USC, one or more of the conspirators would request or direct one or more of the other members of the conspiracy to transport the USC to other individuals for subsequent disposition and transfer.

3.     It was further a part of the conspiracy that one or more members of the conspiracy would be paid money for transporting, transferring, and disposing of the USC to the care of others.

## Overt Acts

In furtherance of and to accomplish the objects of the conspiracy alleged in Count Nine of this Indictment, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere:

1.     On or about June 2, 2005, in Orlando, Florida, a conspirator transferred approximately $60,800.00 in United States Currency to another for subsequent disposition and transfer.

2.     On or about September 3, 2005, in Houston and Wharton County, Texas, a

-6-

conspirator transferred approximately $714,345.00 in United States Currency to another which was transported for subsequent disposition and transfer.

3.     On or about September 8, 2005, in Houston and Columbus, Texas, a conspirator transferred approximately $647,131.00 in United States Currency to another which was transported for subsequent disposition and transfer.

4.     On or about September 12, 2005, in Houston and Starr County, Texas, a conspirator transferred approximately $771,403.00 in United States Currency to another which was transported for subsequent disposition and transfer.

5.     On or about March 9, 2006, in Houston, Texas, a conspirator transferred approximately $185,150 in United States Currency to another which was transported for subsequent disposition and transfer.

6.     On or about May 23, 2006, in Houston and Columbus, Texas, a conspirator transferred approximately $279,720.00 in United States Currency to another which was transported for subsequent disposition and transfer.

7.     On or about June 28, 2006, in Houston, Texas, a conspirator transferred approximately $902,310.00 in United States Currency to another which was transported for subsequent disposition and transfer.

8.     On or about July 3, 2006, in Houston, Texas and New York, New York, a conspirator transferred approximately $1,067,310.00 in United States Currency to another which was transported for subsequent disposition and transfer.

9.     On or about July 10, 2006, in Houston, Texas, a conspirator transferred approximately $707,065.00 in United States Currency to another which was transported for

subsequent disposition and transfer.

**In violation of 18 U.S.C. § 1956(h).**

## COUNT TEN

### Money Laundering (Promotion)

On or about September 3, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendants herein, aiding and abetting each other, and others known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $714,345.00, in United States currency, represented the proceeds of some form of unlawful activity.

**In violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2.**

## COUNT ELEVEN

### Money Laundering (Promotion)

On or about September 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendants herein, aiding and abetting each other, and others known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $647,131.00, in United States currency,  represented the proceeds of some form of unlawful activity.

**In violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2.**

## COUNT TWELVE

Money Laundering (Promotion)

On or about September 12, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendants herein, aiding and abetting each other, and others known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $771,403.00, in United States currency,  represented the proceeds of some form of unlawful activity.

**In violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2.**

-10-

## COUNT THIRTEEN

Money Laundering (Promotion)

On or about June 28, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $902,310.00, in United States currency, represented the proceeds of some form of unlawful activity.

**In violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2.**

## COUNT FOURTEEN

### Money Laundering (Promotion)

On or about July 10, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

defendant herein, aiding and abetting others known and unknown to the Grand Jury, did unlawfully and knowingly conduct or attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the transfer and subsequent disposition from one person to another of United States currency which represents the proceeds of a specified unlawful activity, namely, violations of 21 U.S.C. §§ 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and that while conducting or attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds totaling approximately $707,065.00, in United States currency,  represented the proceeds of some form of unlawful activity.

**In violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 2.**

## NOTICE OF CRIMINAL FORFEITURE
### *[Title 21, United States Code, Section 853]*

Pursuant to Title 21, United States Code, Section 853, notice is given to the defendants,

### JOSE TRINIDAD VILLARREAL (aka Loco) (Counts 1-3,7),

### REINOL REYNA (aka Chaparro)(Counts 1-2),

that in the event of conviction for conspiracy to possess with intent to distribute cocaine and marijuana or aiding and abetting possession with intent to distribute marijuana or cocaine in violation of Title 21 U.S.C. Sections 846 and 841(a)(1), 841(b)(1)(A) and (B), as charged in Counts One through Eight in the Indictment, the United States shall forfeit:

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

(2) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations.

The property subject to forfeiture includes, but is not limited to, the following property:

**Counts One through Eight:**

(1)      up to $14,000,000.00 in United States Dollars.

**Counts One and Eight:**

(1)      approximately $186,100.00 in U.S. currency, seized on or about March 9, 2006.

**Count One:**

(1)      approximately $60,800.00 in U.S. currency, seized on or about June 2, 2005;

(2)      approximately $714,345.00 in U.S. currency, seized on or about September 3, 2005;

(3)      approximately $647,131.00 in U.S. currency, seized on or about September 8, 2005;

-13-

(4)     approximately $771,403.00 in U.S. currency, seized on or about September 10, 2005;

(5)     approximately $279,720.00 in U.S. currency, seized on or about May 23, 2006;

(6)     approximately $902,310.00 in U.S. currency, seized on or about June 28, 2006;

(7)     approximately $1,067,310.00 in U.S. currency, seized on or about July 3, 2006;

(8)     approximately $707,065.00 in U.S. currency, seized on or about July 10, 2006;

(9)     real property located at 6301 East Houston Road, Houston, Texas, 77028, including all improvements and appurtenances, and legally described as: A tract of land containing 1.653 acres out of Blocks 133 and 134 of East Houston addition as shown recorded in Volume 3, Page 18A of the map records of Harris County.

## NOTICE OF CRIMINAL FORFEITURE
### *[Title 18, United States Code, Section 982]*

Pursuant to Title 18, United States Code, Section 982, notice is given to defendants,

**JOSE TRINIDAD VILLARREAL** (aka Loco) (Count 9),

**REINOL REYNA** (aka Chaparro)(Counts 9-11), and

that in the event of conviction for money laundering conspiracy and aiding and abetting money laundering in violation of Title 18, United States Code, Sections 1956 (h) and 1956 (a)(1)(A) as charged in Counts Nine through Fourteen, in violation of Title 18, United States Code, the United States shall forfeit all property, real and personal, involved in the offense and all property traceable to such property, including, but not limited to, the following property:

**Count Nine:**

(1)     up to $14,000,000.00 in United States Dollars;

(2)     approximately $60,800.00 in U.S. currency, seized on or about June 2, 2005;

-14-

(3)     approximately $186,100.00  in U.S. currency, seized on or about March 9, 2006;

(4)     approximately $279,720.00  in U.S. currency, seized on or about May 23, 2006;

(5)     approximately $1,067,310.00  in U.S. currency, seized on or about July 3, 2006;

(6)     real property located at 6301 East Houston Road, Houston, Texas, 77028, including all improvements and appurtenances, and legally described as: A tract of land containing 1.653 acres out of Blocks 133 and 134 of East Houston addition as shown recorded in Volume 3, Page 18A of the map records of Harris County; and

**Counts Nine and Ten:**

(1)     approximately $714,345.00  in U.S. currency, seized on or about September 3, 2005;

**Counts Nine and Eleven:**

(1)     approximately $647,131.00  in U.S. currency, seized on or about September 8, 2005;

**Counts Nine and Twelve:**

(1)     approximately $771,403.00  in U.S. currency, seized on or about September 10, 2005;

**Counts Nine and Thirteen:**

(1)     approximately $902,310.00  in U.S. currency, seized on or about June 28, 2006;

**Counts Nine and Fourteen:**

(1)     approximately $707,065.00  in U.S. currency, seized on or about July 10, 2006;

## SUBSTITUTE ASSETS

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

(1)     cannot be located upon exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the court;

-15-

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the

value of such property, pursuant to 21 U.S.C. § 853 (p)(2) and 18 U.S.C. § 982(b)(1).

**A TRUE BILL**

**Original Signature on File**

FOREPERSON OF THE GRAND JURY

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: _____
MARTHA MINNIS
Assistant United States Attorney
713-567-9348