UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | **CRIMINAL NO. H-07-400** |
| **JOSE TRINIDAD VILLARREAL** aka Loco | § § | |

## PLEA AGREEMENT

The United States of America, by and through Tim Johnson, Acting United States Attorney for the Southern District of Texas and Martha Minnis, Assistant United States Attorney, and the defendant, Jose Trinidad Villarreal aka Loco, and the defendant's counsel, Guy Worrack, pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure state that they have entered into an agreement, the terms and conditions of which are as follows.

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with conspiracy to possess with intent to distribute a controlled substance: marijuana, in excess of 1000 kilograms, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(vii). The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a

Page 1 of 15

reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for Count 1's violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(vii), is imprisonment of not less than 20 years nor more than life and a fine of not more than $8,000,000, with a prior felony drug conviction. Additionally, the defendant may receive a term of supervised release after imprisonment of at least 10 years, with a prior felony drug conviction. Title 18, U.S.C. §§ 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Forfeiture and Fines

4. This plea agreement is being entered into by the United States on the basis of defendant's express representation that defendant will make a full and complete disclosure of all assets over which defendant exercises direct or indirect control, or in which defendant has any financial interest.

Defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement (Form OBD-500), by the deadline set by the United States, or if no deadline is set, no later than sentencing. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure.

Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of defendant's assets to deliver all funds and records of such assets to the United States.

Defendant understands that forfeiture and fines are separate aspects of sentencing and are separate obligations.

### Fines

5.  Defendant agrees that any fine imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

Defendant understands that under the Sentencing Guidelines, the Court may order the defendant to pay a fine to reimburse the government for the costs of any imprisonment or term of supervised release.

### Forfeiture

6.  This plea agreement is being entered into by the United States on the basis of Defendant's express representation that defendant will make a full and complete disclosure of all assets over which defendant exercises direct or indirect control, or in which defendant has any financial interest.

Defendant agrees to forfeit whatever interest Defendant has in assets related to this case. Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of all property listed in the Notice of Forfeiture in the Indictment and that such property is subject to forfeiture.

Defendant agrees to waive any and all interest in, or claim to, any asset which is the subject of any related administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant stipulates that any property in any related forfeiture

proceeding should be forfeited.

Defendant waives the right to challenge the forfeiture of property related to this case, in any manner, including by direct appeal or in a collateral proceeding.

Defendant consents to the order of forfeiture becoming final as to the defendant immediately following this guilty plea pursuant to Fed.R.Crim. P. 32.2(b)(3).

## Cooperation

7. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph 6 of this agreement. The defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

8. The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to drug trafficking and money laundering. The defendant

understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, _if any_, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal

9. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a

conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

10. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

11. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

12. The United States agrees to each of the following:

(a) If defendant pleads guilty to Count 1 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c) If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater.

(d) The United States may, **in its sole discretion**, file a **5K1.1** motion for a downward departure, if the government determines the defendant provided **"substantial assistance"**. If the United States files such a motion, the parties agree that the sentence will not exceed 10 years imprisonment.

(e) The United States agrees that the defendant is responsible for at least 10,000 kilograms but less than 30,000 kilograms of marijuana (level 36).

### United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

### Withdrawal of Plea

14. The United States and defendant agree that should the Court should reject this plea agreement defendant shall be permitted to withdraw his plea of guilty and proceed to trial on all counts of the indictment.

### Rights at Trial

15. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

16. Defendant is pleading guilty because he is guilty of the charges contained in Count 1 of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

a) Beginning in at least December, 2004 until the return of the indictment, the **defendant** worked with co-conspirators, both named and unnamed, to distribute marijuana from the Mexico-United States border to Houston and other cities in the United States. Based on this investigation, the following amounts of drugs were distributed and collected by the drug trafficking organization charged in the indictment. Over 30,000 kilograms of marijuana were distributed with approximately 29,500 kilograms (65,000 pounds) seized from July 2004 through December, 2005 and additional loads not seized described by cooperating co-conspirators total approximately 60,000 pounds or 27,272 kilograms,

b)    Agents of the Drug Enforcement Administration (DEA) in McAllen, Texas identified **Villarreal** as an associate of co-defendants in the latter part of 2004 and throughout 2005 and 2006. Agents monitored court ordered wire interceptions of co defendant's telephones in 2005. Agents also documented the association of defendant and co-conspirators during this period of time through surveillance of meetings both in the McAllen, Texas area as well as in Houston, Texas. Agents found that there was telephone contact with co-conspirators during the transport of loads of **marijuana** from the McAllen, Texas area to Houston and

other parts of the United States. **Villarreal's** role was to assist in the transportation of truck loads of **marijuana** from the McAllen area to Houston. **Villarreal** was also seen at meetings with indicted co-conspirators and others which concerned the distribution of **marijuana**. Some of the seizures in which **Villarreal** was identified by recorded telephone calls and surveillance are detailed as examples of his role in these conspiracies.

c) On **March 12, 2005** agents in Houston, Texas seized approximately **9,153 pounds of marijuana** contained in a tractor trailer that had been observed leaving a truck yard; a warrant obtained March 13, 2005 was executed and agents found **additional 4,267 pounds of marijuana** located in another trailer left at the yard. About 9 p.m. on March 12, 2005, agents observed a vehicle in which **Villarreal** and Reinol Reyna were riding arrive at the yard after the first trailer left. Agents had the **defendant's** vehicle stopped after it left the yard. All occupants denied ever being at the yard. Ultimately, a co-conspirator described the events surrounding this seizure of **13,240 pounds** and additional loads of drugs that this group transported that were coordinated by **Villarreal** in a similar fashion as the March, 2005 load. Another co-conspirator identified **Villarreal** as the person responsible for having him drive truck loads of marijuana from the Rio Grande City, Texas area approximately three times in 2004.

d) Agents with ICE Houston were on surveillance at an address at 1414 Dairy Ashford which was associated with **Villarreal** on **December 6, 2005.** Agents saw Reinol Reyna and **Jose Trinidad Villarreal** leave in a pickup truck, registered to Humberto Cantu, Rio Grande

City, Tx, which had been in the parking lot of this apartment complex and travel to 4301 Uptown, Houston which is a complex of warehouses. They stopped in front of B-7 at about 2:35 pm and met with a black male who had stepped out of the unit to show **Villarreal** something. A van pulled up with out of state plates and backed up to the bay area of the unit. The driver got out and spoke with them, then all parties left with surveillance following. The van was stopped on I-10 East; consent to search was granted and **255 pounds of marijuana** was found hidden within seat cushions and under the seats of the van. While watching the unit, a black Expedition with Florida registration backed into the bay area of B-7. The next day, **December 7, 2005**, surveillance saw the Expedition leave the warehouse heading east on I-10. A marked unit stopped the van and after a consent search, **41 pounds of marijuana** was found. On Dec. 7, 2005 a search warrant was executed on unit B-7 after they saw a Mitsuibishi Montero leave the unit. A traffic stop resulted in the discovery of **1 pound of marijuana**. There was **36 pounds of marijuana found in B-7**. The person renting this unit stated he and another man were at the unit on December 6, 2005 when that man called an Hispanic male. Later that day two Hispanic males arrived and one was identified as **Villarreal**.

e)  The drugs seized in this investigation have been tested by a chemist and found to be marijuana, in excess of 30,000 kilograms in weight.

## Breach of Plea Agreement

17.  If defendant should fail in any way to fulfill completely all of the obligations

under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### Complete Agreement

19. This written plea agreement, consisting of 15 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

20. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on February 24, 2009.

_____
Jose Trinidad Villarreal, Defendant

Subscribed and sworn to before me on February 24, 2009.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Tim Johnson
Acting United States Attorney

By: _____          _____
Martha Minnis                                                    Guy Womack
Assistant United States Attorney                      Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-400 |
| | § | |
| JOSE TRINIDAD VILLARREAL | § | |
| aka Loco | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the USSG are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____     2/24/09
Guy Womick, Counsel for Defendant    Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     2/24/09
Jose Trinidad Villarreal, Defendant   Date